IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA GREENWOOD, et al., | No. C-08-04878 CW (EDL) |
| Plaintiffs, | **ORDER** |
| v. | |
| COMPUCREDIT CORPORATION, | |
| Defendant. | |

Pursuant to Civil Local Rule 79-5(a), on November 17, 2009, Plaintiffs filed an Administrative Motion to Seal Docket Numbers 125-9 and 130-9, which were filed in support of Plaintiffs' Motion to Compel. On November 20, 2009, Columbus Bank & Trust filed a response to Plaintiffs' November 17, 2009 Administrative Motion pursuant to Local Rule 79-5(d). On December 1, 2009, Plaintiffs filed an Administrative Motion to Seal Docket Numbers 172-1 and 176-1, which were filed in support of Plaintiffs' Reply to Defendant Columbus Bank & Trust's Opposition to Plaintiffs' Motion to Compel. On December 10, 2009, Columbus Bank & Trust filed a response to Plaintiffs' December 1, 2009 Administrative Motion.

Plaintiffs' Administrative Motions seek to seal excerpts from the deposition of Defendant Columbus Bank & Trust's corporate representative Raleigh "Chip" Gibson. Columbus Bank & Trust had previously designated the entire deposition as confidential. See Barnes Decl. ¶ 6, Ex. 1. In both of their responses to Plaintiffs' Administrative Motions, Columbus Bank & Trust argues that the deposition excerpts contain confidential "information about the internal workings of CB&T that are not publicly known." See Def.'s Nov. 20, 2009 Response (Docket No. 151) at 2; Def.'s Dec. 10, 2009 Response (Docket No. 191) at 2.

Civil Local Rule 79-5 is designed to ensure, among other things, that documents filed with

the Court are publicly available with the minimum redactions necessary to protect sealable information. See Commentary to Civil Local Rule 79-5(a). Accordingly, when a party seeks to file a document under seal that has been designated by another party as confidential, the designating party must establish that the document is sealable. See Civil L.R. 79-5(d). Columbus Bank & Trust has not met its burden of establishing that the exhibits at issue here are sealable in their entirety. For example, page 12 of the Gibson deposition contains questioning about whether the witness has had his deposition taken before. See Braswell Decl. Ex. 9 at 12 (Docket No. 125-9); Braswell Decl. Ex. A at 12 (Docket No. 172-1). As another example, page 14 contains questioning about when the witness joined Columbus Bank & Trust, as well as how old the witness is and whether he worked professionally before joining Columbus Bank & Trust. See Braswell Decl. Ex. A at 14 (Docket No. 172-1). It is not clear to the Court how these deposition excerpts, which are only examples, contain confidential "information about the internal workings of CB&T that are not publicly known." Accordingly, the Court will not order the entire exhibits to be filed under seal at this time. The Court will give Columbus Bank & Trust one more opportunity to provide responses to Plaintiffs' Administrative Motions to Seal that focus on sealing only the portions of the Gibson deposition transcript that contain sealable material as described in Local Rule 79-5(a). Columbus Bank & Trust shall file amended responses to the Administrative Motions to Seal no later than January 8, 2010.

**IT IS SO ORDERED.**

Dated: December 17, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge