IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WANDA GREENWOOD, LADELLE HATFIELD and DEBORAH MCCLEESE, on behalf of themselves and others similarly situated,

    Plaintiffs,

  v.

COMPUCREDIT CORPORATION; COLUMBUS BANK AND TRUST, jointly and individually,

    Defendants.

No. C 08-04878 CW

ORDER GRANTING PLAINTIFFS' MOTION FOR VERIFICATION OF CLASS SIZE AND MEMBERSHIP PURSUANT TO CLASS CERTIFICATION NOTICE PLAN

    Class representative Deborah McCleese[1] moves to require Defendant CompuCredit Corporation to verify the accuracy of the class list it provided to the third-party administrator (TPA) pursuant to the Court's February 23, 2010 class certification notice plan. CompuCredit opposes the motion. Having considered all of the papers filed by the parties, the Court grants Plaintiffs' motion.

BACKGROUND

    Plaintiffs have sued Defendants Compucredit Corporation and Columbus Bank and Trust (CB&T), alleging claims under the federal Credit Repair Organization Act (CROA), 15 U.S.C. § 1679 et seq., and violations of California's Unfair Competition Law (UCL), Cal.

---

[1] The individual claims of Plaintiffs Wanda Greenwood and Ladelle Hatfield remain pending as individual, not representative, claims.

Bus. and Prof. Code § 17200 et seq.  Plaintiffs bring the CROA claims on behalf of a proposed national class and the UCL claims on behalf of a proposed class of California residents.  On January 19, 2010, the Court granted Plaintiffs' motion for class certification of the UCL claim for deceptive advertising and promotion.

The Court certified the following class:

> All natural persons who, within four years prior to the commencement of this action and while residing in the State of California, were mailed a solicitation by CompuCredit Corporation for the issuance of an Aspire Visa credit card by Columbus Bank and Trust, who subsequently were issued an Aspire Visa credit card by Columbus Bank and Trust and paid money to CompuCredit Corporation, directly or through Columbus Bank and Trust, on their Aspire Visa credit card accounts.
>
> Excluded from the Class are (1) the officers, directors and employees of Compucredit Corporation and Columbus Bank and Trust; and (2) all judicial officers of the United States who preside over or hear this case, and all persons related to them as specified in 28 U.S.C. § 455(b)(5).

On February 23, 2010, the Court issued an Order Re Class Certification Notice Plan, which directed Defendants to provide the names and last-known addresses of all members of the certified UCL class to the TPA.  CompuCredit provided to the TPA a class list which consisted of 86,867 members.  This number is much less than the estimate of the class size CompuCredit made while litigating Plaintiffs' motion for class certification -- "183,248 putative California class members."  Opposition to Plaintiffs' Motion for Class Certification at 16.  CompuCredit claims that its initial estimate of class membership was overstated "due to having inadvertently included both the Core and the Little Rock products within that initial, preliminary search some months ago."  Fang Decl. ¶ 5.  CompuCredit claims that the "Little Rock" product is the one identified in Plaintiffs' complaint because it is the only

Aspire Visa product issued through CB&T that has a $300 limit.

CompuCredit used the following criteria to generate a list of potential class members:

1.  Persons who had an Aspire "Little Rock" credit card issued through CB&T on or after 24-oct-2004; and
2.  Residing in California as of the date that the query was run; and
3.  Who either had a California address at the time of the application or to the extent that there was no application address available; and
4.  Who made some payment during the life of the account through [sic] as of the date the query was run.

Hartsell Decl., Exh. A ¶ 2.

Although Plaintiffs do not appear to dispute that only the Little Rock product should be included in the database search for the contact information of potential class members, there are other problems with CompuCredit's database search. First, CompuCredit's second criterion requires that class members reside in California as of the date of the search query. However, the class certification order requires that class members be California residents at the time they were mailed a solicitation for an Aspire Visa credit card, not at the time the query was performed. Thus, the second criterion excludes individuals who received mailed solicitations in California but subsequently moved out of state.

Second, CompuCredit's third criterion is erroneous because it requires that class members had a California address (or no address at all) at the time of credit card application. The class definition does not limit membership to persons who resided in California when they <u>applied</u> for the Aspire Visa credit card. Rather, the definition requires that the class members <u>received</u> the solicitation while residing in California. CompuCredit has not provided any evidence that it is unable to identify these

3

individuals.

For these reasons, the Court grants Plaintiffs' motion. Docket No. 267. Within two weeks from the date of this Order, CompuCredit shall show Plaintiffs the criteria and queries to be used to compile the class list and CompuCredit shall permit Plaintiffs and their discovery expert to observe the real-time execution of the database query used by CompuCredit to compile the list. This may be done remotely. CompuCredit shall generate a new class list in accordance with this Order and the certified class definition. A supplemental class notice must be sent to previously excluded class members who are newly identified after the new search. CompuCredit shall pay the costs of the notices mailed to those individuals. No corrective notice need be sent to previously noticed non-class members. Plaintiffs may move to require CompuCredit to supplement its discovery responses due to any changes in class membership. Further, if necessary in light of any changes in class membership, the parties may move to alter the case management deadlines. Lastly, the Court denies Plaintiffs' request for fees and costs associated with this motion.

IT IS SO ORDERED.

Dated: 07/13/10

CLAUDIA WILKEN
United States District Judge