**United States District Court**
For the Northern District of California

1

2

3

4

5                     IN THE UNITED STATES DISTRICT COURT

6                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   WANDA GREENWOOD, et al.,                    No. C-08-04878 CW (EDL)

9              Plaintiffs,               **ORDER DENYING WITHOUT**
                                         **PREJUDICE COMPUCREDIT'S**
10      v.                               **MOTION TO COMPEL**

11   COMPUCREDIT CORPORATION,

12             Defendant.
     _____/

13

14          This is a class action case in which Plaintiff class members allege that Compucredit marketed

15   a subprime credit card under the brand name Aspire Visa to consumers with low credit scores, and

16   that the Aspire card was issued by Columbus Bank & Trust.  Compucredit has filed this motion to

17   compel Plaintiffs to supplement their disclosures with names of the class members that Plaintiffs'

18   counsel has contacted.  Compucredit also seeks an order permitting it to conduct discovery on the

19   absent class members.   Because this matter was appropriate for decision without oral argument, the

20   Court vacated the September 21, 2010 hearing.  For the reasons stated below, the Court denies

21   without prejudice Compucredit's Motion to Compel.

22   **Disclosure of class members contacted by Plaintiffs' counsel**

23          Following the mailing on June 18, 2010 by the third-party administrator (TPA) of the class

24   notice to all individuals on the class list, class members began calling the TPA with questions about

25   the class notice or the case in general.  In accordance with the contract with class counsel, the TPA

26   provided class counsel with the names and telephone numbers of individuals who called with

27   questions about the case.  Class counsel returned those calls to answer the questions.  In the

28   supplemental disclosures on August 3, 2010, Plaintiffs disclosed "All UCL Class Members" as

     individuals likely to have discoverable information.

**United States District Court**
For the Northern District of California

1    Compucredit argues that Plaintiffs must supplement their disclosures with names of specific

2   class members that counsel has contacted because those individuals are "likely to have discoverable

3   information" pursuant to Federal Rule of Civil Procedure 26(a).  Plaintiffs argue that they have not

4   decided which class members they will use as witnesses so they do not have to disclose the class

5   members they have contacted because there has been no decision which individuals will be used "to

6   support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).

7    Compucredit has cited no case holding that class members who are simply contacted by class

8   counsel in response to questions from class members must be disclosed.  The authorities

9   Compucredit has cited are inapposite.  In Quesenberry v. Volvo Group No. Am. Inc., 267 F.R.D.

10   475, 480 (W.D. Va. 2010), the court required disclosure of class members who were interviewed by

11   counsel.  Here, however, there is no showing that Plaintiffs' counsel interviewed any class members.

12   Further, in In re Fed Ex Ground Package Sys., 2007 U.S. Dist. LEXIS 53327, at *10-11 (N.D. Ill.

13   July 23, 2007), the court struck declarations from class member witnesses where the court found that

14   FedEx's disclosure of all 10,000 class member as witnesses was not meaningful.  See FedEx., 2007

15   U.S. Dist. LEXIS 53327 at *13 ("As between Fedex, who knew before discovery closed which of

16   the 10,000 witnesses it would use, and the Plaintiffs, who did not, this Court, consistent with the

17   modern philosophy of discovery and disclosure, concludes that the burden was on Fedex to

18   supplement its disclosures more precisely. Plaintiffs were not under a duty to object to initial or

19   supplemental disclosures, nor would they be expected to object prior to the close of discovery.").

20   Here, however, there are no declarations from class members or any indication that Plaintiffs have

21   already selected class members as witnesses with relevant information, but not disclosed them.  In

22   Phuong Doan v. Astrue, 2009 U.S. Dist. LEXIS 93724 (S.D. Cal. Oct. 6, 2009), the court compelled

23   the plaintiffs to respond to interrogatories seeking information regarding unnamed class members.

24   Rule 26 was not implicated.  Nor did the interrogatories seek identification of class members

25   contacted by counsel.  In Serrano v. Cintas Corp., 2010 U.S. Dist. LEXIS 18130 (E.D. Mich. Mar 2,

26   2010), the court compelled the EEOC to respond to interrogatories seeking the identities of all

27   potential class members to whom it had sent questionnaires.  Here, there is no showing that a

28   questionnaire or similar document has been sent to class members, and simply because class counsel

**United States District Court**
For the Northern District of California

1   contacted class members, including in response to their questions,  does not necessarily mean that

2   they have discoverable information.  In <u>Broussard v. Meineke Disc. Muffler Shops</u>, 155 F.3d 331

3   (4th Cir. 1988), the court did not address discovery issues at all.

4        Compucredit argues that it needs the identities of contacted class members to conduct a

5   complete investigation in this case.  However, Plaintiffs will have to timely disclose individuals

6   likely to have discoverable information that Plaintiffs may use in support of their claims as described

7   in Federal Rule of Civil Procedure 26(a)(1)(A)(i) in accordance with their obligation to supplement

8   initial disclosures under Federal Rule of Civil Procedure 26(e).  In addition, Plaintiffs will be

9   required to comply with their obligation to disclose trial witnesses under Federal Rule of Civil

10  Procedure 26(a)(3)(A)(i).  Plaintiffs argue that while counsel has contacted a number of class

11  members in response to class members' calls to the TPA regarding the class notice, the universe of

12  potential witnesses is smaller than, and at this point, not necessarily coextensive with, the universe

13  of class members contacted by counsel.  Thus, Plaintiffs are under no obligation to disclose all class

14  members contacted because they are only obligated to disclose those to be used to support their

15  claims pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i).  Accordingly, Compucredit's

16  motion to compel is denied without prejudice.  The Court notes that when Plaintiffs have knowledge

17  about witnesses that will support their claims, they must promptly disclose those witnesses.

18  **Discovery of absent class members**

19        Discovery of absent class members is not encouraged (<u>see</u> <u>Gong-Chun v. Aetna, Inc.</u>, 2010

20  WL 1980175, at *3 (E.D. Cal. May 17, 2010)), but is permitted where the "information sought is

21  relevant, not readily obtainable from the representative parties or other sources, and the request is

22  not unduly burdensome and made in good faith."  <u>Tierno v. Rite-Aid Corp.</u>, 2008 U.S. Dist. LEXIS

23  112461, at *17 (N.D. Cal. July 8 , 2008).  "The efficiencies of a class action would be thwarted if

24  routine discovery of absent class members is permitted, particularly on the issue of liability. . . .

25  Absent a showing of such particularized need, the Court will not permit general discovery from

26  passive class members."  <u>In re Carbon Dioxide Antitrust Litig.</u>, 155 F.R.D. 209, 212 (M.D. Fla.

27  1993).  Courts in this district have applied the following standard:

28        Where such discovery has been allowed, courts have required the proponent to
          demonstrate that (1) the discovery is not sought to take undue advantage of class

1  members or with the purpose or effect of harassment or altering membership in the
2  class; (2) the discovery is necessary at trial of issues common to the class; (3)
   responding to the discovery requests would not require the assistance of counsel; and
3  (4) the discovery seeks information not already known by the proponent. See On the
   House Syndication, Inc. v. Federal Express Corp., 203 F.R.D. 452, 455
   (S.D.Cal.2001); Collins v. Int'l Dairy Queen, 190 F.R.D. 629, 630-31 (M.D.Ga.1999);
4  McCarthy v. Paine Webber Group, Inc., 164 F.R.D. 309, 313 (D.Conn.1995). In
   addition, courts consider the need for efficiency and economy before ordering
5  discovery. See Klein v. King, 132 F .R.D. 525 (N.D.Cal.1990). Applying these
   principles, courts have found the burden on the defendant to justify discovery of
6  absent class members by means of deposition is particularly heavy. See Baldwin &
   Flynn v. National Safety Associates, 149 F.R.D. 598, 600 (N.D.Cal. 1993).

7

8  Cornn v. United Parcel Serv., 2006 WL 2642540, at *2 (N.D. Cal. Sept. 14, 2006).

9      Compucredit states that it is seeking discovery of absent class members solely for the

10  purpose of defending the class claim, and to refute the claims of deceptive solicitation.  Compucredit

11  argues that it has no other way to get this information about deception, which requires discovery

12  from more than just the class representatives.  Notably, Compucredit states that it seeks to depose

13  absent class members, or "otherwise seek discovery from" them, but does not provide the scope of

14  the requested discovery it will seek, so there is no way to determine if it will be burdensome, or

15  whether responding to discovery would require assistance of counsel.  Thus, Compucredit has not

16  made a particularized showing of need for any specific discovery from absent class members.  Thus,

17  Compucredit's motion to compel discovery from absent class members is denied without prejudice.

18  However, because some discovery of absent class members is appropriate, the Court orders the

19  parties to meet and confer about the scope of discovery from absent class members, including the

20  use of a voluntary questionnaire or similar limited discovery.

21      **IT IS SO ORDERED.**

22  Dated: September 30, 2010                    *Elizabeth D. Laporte*
                                                ELIZABETH D. LAPORTE
23                                              United States Magistrate Judge

24

25

26

27

28

4