IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA GREENWOOD, et al., | No. C-08-04878 CW (EDL) |
| Plaintiffs, | **ORDER DENYING IN PART WITHOUT PREJUDICE COMPUCREDIT'S MOTION TO COMPEL** |
| v. | |
| COMPUCREDIT CORPORATION, | |
| Defendant. | |

    This is a class action case in which Plaintiff class members allege that Compucredit marketed a subprime credit card under the brand name Aspire Visa to consumers with low credit scores, and that the Aspire card was issued by Columbus Bank & Trust. Compucredit has filed this motion to compel further responses to three interrogatories that were served on July 27, 2010. Compucredit also seeks an order permitting it to conduct discovery on the absent class members. Because this matter is appropriate for decision without oral argument, the Court vacates the October 12, 2010 hearing.

    The interrogatories at issue in this motion seek essentially the same information that Compucredit sought in connection with its Motion to Compel Plaintiffs to Supplement their Initial Disclosures. On September 30, 2010, the Court denied without prejudice Compucredit's Motion to Compel supplemental disclosures, and ordered the parties to meet and confer regarding the scope of discovery from absent class members, including the use of a voluntary questionnaire or other similar limited discovery. For the reasons stated in the September 30, 2010 Order, Compucredit's Motion to Compel Further Responses to Interrogatories is largely denied without prejudice. However, to the extent that Plaintiffs contacted absent class members either to identify potential witnesses (though in their papers, Plaintiffs deny doing so to date), or in response to the members' inquiries, <u>and</u>

1  Plaintiffs learned that any of them are likely to have discoverable information (whether favorable or
2  not), Plaintiffs must provide the information requested in interrogatory number three and update
3  their initial disclosures.  These would, of course, include any members that Plaintiffs are likely to
4  call at trial or may do so if the need arises.  Plaintiffs are reminded that the duty to update is
5  ongoing, and they must adhere to it; they may not wait until December 21, 2010 to do so.  See
6  Martinez-Hernandez v. Butterball, LLC, 2010 U.S. Dist. LEXIS 50246, at *20-22 (E.D. N.C. May
7  21, 2010) (in a class action case in which the defendant sought identification of trial witnesses
8  through an interrogatory: "It seems that Plaintiffs' initial response in discovery--that the
9  interrogatory was premature--was justified at the time. Butterball indicated in oral argument that
10 Plaintiffs also asked Butterball for its witness list in an interrogatory, and Butterball initially noted it
11 was premature and then supplemented its response with its witness list. The court finds that
12 litigation has reached the stage at which Plaintiffs should reasonably supplement their interrogatory
13 responses with their witness list.").

**IT IS SO ORDERED.**

Dated: October 4, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

2