IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA GREENWOOD; LADELLE HATFIELD; and DEBORAH MCCLEESE, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>COMPUCREDIT CORPORATION; COLUMBUS BANK AND TRUST, jointly and individually,<br><br>    Defendants.<br>_____/ | No. 08-04878 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL<br>(Docket No. 351) |

    Defendants Compucredit Corporation and Columbus Bank and Trust Company move for an order certifying an interlocutory appeal of one issue: "whether absent class members asserting a violation under California's unfair competition law ("UCL") Bus. & Prof. Code, § 17200 et. seq. must satisfy Article III standing in federal court."  Docket No. 351, Defs.' Mot. at 5.  Defendants further request that the Court stay proceedings in the case pending determination of the interlocutory appeal.  Plaintiffs oppose the motion.  Having considered all of the papers submitted by the parties, the Court DENIES Defendants' motion.

BACKGROUND

In the present action, Plaintiffs allege that Defendants used fraudulent mass mail solicitations to market and issue a credit card in violation of California's Unfair Competition Law (UCL), Cal. Bus. and Prof. Code § 17200 et seq. On January 19, 2010, the Court certified the Plaintiff class. Docket No. 209. On November 19, 2010, the Court denied Defendants' motion to decertify the class. Defendants based their motion largely on the Eighth Circuit's decision in Avritt v. Reliastar Life Ins. Co., 615 F.3d 1023 (8th Cir. 2010), which held that absent class members alleging fraud in violation of the UCL were required to present individualized evidence of reliance on the alleged misrepresentations to establish Article III standing. Avritt did not persuade the Court to decertify the class given well-established law that in class actions only the named plaintiff need provide individualized evidence of standing. Plaintiffs here established Article III standing based on evidence of the named Plaintiff's reliance, satisfaction of Rule 23 requirements, and the presumption of reliance that applies to absent class members, who by definition received the allegedly deceptive solicitations and paid money toward the credit card.

LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are present. First, the issue to be certified must be a "controlling

2

question of law." 28 U.S.C. § 1292(b). Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). This is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800. Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case. Id. In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing

3

to hear a certified appeal in part because the Ninth Circuit's decision might come after the scheduled trial date).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2d. Cir. 1997).

## DISCUSSION

Defendants' motion for certification fails for various reasons. First, the issue Defendants seek to appeal is not controlling because even if certification of the class were reversed, the individual claims would survive.

Second, Defendants have failed to identify substantial grounds for a difference of opinion. Defendants concede that Avritt is the first federal appellate analysis of the interplay between the decision in In re Tobacco II, 46 Cal. 4th 298 (2009), and Article III standing requirements. This decision alone fails

4

to create a split of authority among the circuits.  Furthermore, as explained in greater detail in the order denying Defendants' motion seeking class decertification, substantial controlling authority provides that Article III requirements are met in a class action if at least one named plaintiff produces sufficient evidence of standing, and Rule 23 is satisfied.

Third, certification in this case would not "materially advance the ultimate termination of the litigation;" rather it would delay resolution of the litigation.  On April 21, 2011, the Court will hear the parties' motion for summary judgment, with trial set for August, 2011.  Docket No. 359.  An appeal on this matter is not likely to prevent protracted and expensive litigation.  Defendants sought a permissive appeal of the Court's class certification decision pursuant to Federal Rule of Civil Procedure 23(f).  Defendants' petition included the issue they seek to raise if granted certification to file an interlocutory appeal.  The Ninth Circuit, however, denied Defendants' petition. Though there is no res judicata effect resulting from the denial of Defendants' petition, and Avritt was decided after that denial, Defendants have not presented exceptional circumstances that warrant a departure from the general rule that only final judgments are appealable.

//

//

//

5

CONCLUSION

Accordingly, the Court DENIES Defendants' motion for certification and to stay the proceedings.  Docket No. 351.  The hearing on this motion, set for January 13, 2011, is vacated.

IT IS SO ORDERED.


Dated: 1/5/2011                    CLAUDIA WILKEN
                                   United States District Judge