IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WANDA GREENWOOD; LADELLE HATFIELD; and DEBORAH MCCLEESE, on behalf of themselves and others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>COMPUCREDIT CORPORATION; COLUMBUS BANK AND TRUST, jointly and individually,<br><br>          Defendants. | No. 08-04878 CW<br><br>ORDER COMPELLING ARBITRATION OF PLAINTIFFS' CLAIMS UNDER THE CREDIT REPAIR ORGANIZATIONS ACT |

This Court previously denied Defendants CompuCredit Corporation's and Columbus Bank and Trust Company's motions to compel arbitration of Plaintiffs Wanda Greenwood's, Ladelle Hatfield's and Deborah McCleese's first and second causes of action under the Credit Repair Organizations Act (CROA).[1] Docket Nos. 17 and 27. Defendants appealed the order and the Ninth Circuit affirmed. However, on January 10, 2012, the Supreme Court reversed the judgment of the Ninth Circuit and ruled that the

---

[1] In addition to Plaintiffs' causes of action under the CROA, they alleged claims under California's Unfair Competition Law. Although the proceedings as to Plaintiffs' CROA claims were stayed pending resolution of Defendants' interlocutory appeal, the parties continued to litigate the UCL claims. In the course of doing so, Greenwood's and Hatfield's UCL claims were dismissed. Transcript of September 16, 2010 hearing at 3:14-21. On March 5, 2012, the Court granted Defendants' motion to compel arbitration of McCleese's UCL claim, stayed all further proceedings in the case and administratively closed the case, although retaining jurisdiction to enforce the arbitration award.

Federal Arbitration Act requires the arbitration agreement in this case to be enforced according to its terms as to the CROA claims. The Supreme Court remanded the case for further proceedings consistent with its opinion.  On March 27, 2012, the Ninth Circuit vacated this Court's order denying Defendants' motion to compel arbitration and remanded the case for further proceedings consistent with the Supreme Court's opinion.  On April 18, 2012, the Ninth Circuit issued its mandate and its judgment took effect.

Accordingly, the stay on Plaintiffs' CROA claim is lifted for the limited purpose of granting Defendants' motion to compel arbitration of the CROA claims.  All further proceedings in this action are stayed.  The Court has ordered this case administratively closed but retains jurisdiction to enforce the arbitration award.

IT IS SO ORDERED.

Dated: 5/3/2012

CLAUDIA WILKEN
United States District Judge

2